The Honorable Bobby G. Newman State Representative P.O. Box 52 Smackover, AR 71762
Dear Representative Newman:
This is in response to your request for an opinion concerning the authority of the Department of Pollution Control and Ecology to regulate the disposal of waste tires pursuant to A.C.A. § 8-9-401
(Cum. Supp. 1991). Your specific questions are as follows:
 1. If a private company develops a method to dispose of waste tires statewide, does the Department of Pollution Control and Ecology have the authority to license the company for a statewide operation?
 2. If the answer to question (1) is "yes," can the Department contract with the company for statewide disposal of waste tires and pay the company for such disposal from the Waste Tire Grant Fund or from any other source?
 3. Under the provisions of Arkansas Code 8-9-401 et seq., does the Department have the authority by regulation to authorize the use of and license a waste tire storage pit as well as or in lieu of a tire landfill for disposal of waste tires?
In my opinion, the answer to your first question is "yes." If the applicant meets the criteria established by the Commission for operation of a statewide disposal facility, the Department has the authority to issue a license for the company's operation.
Ark. Code Ann. § 8-9-406(a) (Cum. Supp. 1991) indicates that the Arkansas Pollution Control Ecology Commission ("Commission") has the authority to license statewide disposal facilities for waste tires. However, in Act 1230 of 1991 (codified at A.C.A. §§8-1-201—8-1-203) the General Assembly attempted to clarify the delineation of responsibility between the Department of Pollution Control and Ecology (Department) and the Commission on Pollution Control and Ecology. Section 1 of Act 1230 (A.C.A. §8-1-202(b)(1) (Cum. Supp. 1991)) states that the duties of the Director of the Department of Pollution Control and Ecology shall include "the administration of permitting, licensing, certification and grant programs. . . ." Thus it is the Department, as opposed to the Commission, who is the licensing entity. The Commission is vested with the authority to review any of the decisions made by the director of the Department. A.C.A. §8-1-203(b)(8) (Cum. Supp. 1991).
The Commission, however, has the power, pursuant to A.C.A. §8-9-403(d) (Cum. Supp. 1991), to promulgate rules and regulations pertaining to the recycling and disposal of waste tires. The rules adopted by the Commission, the Arkansas Waste Tire Program Regulations, must be considered in answering your questions.[1]
A "Statewide Waste Tire Disposal Facility" is defined in § 2(13) of the Regulations as "a waste tire site for the disposal of waste tires which may accept tires from within and without the Solid Waste Management District in which the waste tire site is located."
Section § 8-9-406(a) (Cum. Supp. 1991) states that the Commission shall establish criteria for applications for licenses of statewide disposal facilities.
These criteria for application are set out at § 17 of the Regulations. The Department has the authority to license an applicant as a statewide disposal facility who meets the criteria for application set out in Reg. § 17. This would include a private company which meets these criteria, and this conclusion is consistent with the statutes. Although A.C.A. § 8-9-406, governing statewide disposal facilities, states only that "[t]he Commission shall have the authority to license statewide disposal facilities . . .," it is my opinion that this language does contemplate the licensure of privately run facilities. Additionally, the overall tenor of the act contemplates either the provision of governmental services or for the contracting with private entities for these services. See A.C.A. §8-9-405(a)(1), (2), (3), and (4) (Cum. Supp. 1991).
It is my opinion that the answer to your second question is "no." The Department has no authority to contract for the disposal of waste tires, even on a statewide basis. Only solid waste boards have been given the authority to contract for the "processing or removal" of waste tires. The Department is authorized to issue grants from the Waste Tire Grant Fund only to the solid waste boards, and the boards may then pay for the processing or removal of waste tires from those grant funds.
Ark. Code Ann. § 8-9-405(a) and (b) (Cum. Supp. 1991) states:
 (a) The department shall, by July 1, 1991, establish a program to make grants to solid waste boards which desire, individually or collectively, to:
 (1) Construct or operate, or contract for the construction or operation of, a waste tire processing facility and equipment purchases therefor;
 (2) Contract for a waste tire processing facility service within or outside the solid waste district;
 (3) Remove or contract for the removal of waste tires from the solid waste district;
 (4) Perform or contract for the performance of research designed to facilitate waste tire recycling;
 (5) Establish waste tire collection centers at solid waste disposal facilities or waste tire processing facilities; or
 (6) Provide incentives for establishing privately operated waste tire collection centers for the public.
 (b) Solid waste boards may join together, pooling their financial resources, when utilizing their grants for the purposes described in this section.
The solid waste boards have thus been granted the authority to contract for a waste tire processing facility or services and for the removal of waste tires from the districts.[2]
They are also given the authority to join together, pooling their grant monies for this purpose. It is my opinion that this joint action of the boards is the contemplated route by which a private company could engage in a statewide contract.
It is my opinion that the answer to your third question is "no," unless the storage pit is either a "waste tire processing facility;" a "waste tire site," (which must, after July 1, be an integral part of a processing facility;) a "waste tire collection center;" or a "permitted solid waste disposal facility." It is my opinion that a "storage pit" would generally not fall within any of these four categories, and thus would generally be unauthorized by the statutes.
Although you do not state the exact nature of the "storage pit" to which you refer — that is, whether it would be an empty pit or a water-filled pit — it should be noted that waste tires may not be disposed of in such a pit unless the "pit" falls into one of the authorized collection or disposal sites under the act. After July 1, 1992, waste tires may be held and disposed of only at: (1) a "waste tire processing facility;" (2) at a "waste tire site" which is an integral part of a "waste tire processing facility;" (3) at a "waste tire collection center;" or (4) at a "permitted solid waste disposal facility." Any "storage pit" which is to hold waste tires must thus fall into one of these categories. A.C.A. § 8-9-403(c)(2).
A "waste tire processing facility" is defined by the act as a place where equipment is used to "cut, chip, grind, or otherwise alter waste tires." A.C.A. § 8-9-402(7). A "storage pit" would not appear to meet this definition.
A "waste tire site" is defined in the act as a site at which one thousand or more used or waste tires are accumulated. A.C.A. §8-9-402(8). Although a storage pit might fit this definition, the act also requires that after July 1, 1992 "waste tire sites" must be an integral part of a processing facility. Therefore a "storage pit" alone would not be a permitted "waste tire site" after this date, and as such is unauthorized.
A "waste tire collection center" is defined in the act as a site where waste tires are collected from the public prior to being offered for recycling, and where fewer than one thousand tires are kept on any given day. A.C.A. § 8-9-402(5). To the extent that the "storage pit" to which you refer does not collect tires from the public for recycling, and does not keep fewer than one thousand tires, it is unauthorized under the act.
A "permitted solid waste disposal facility" is not defined by the act. Section 8-6-603 (7), however, defines a "solid waste disposal permit" as a permit issued for the construction and operation of a landfill waste disposal facility. See also
A.C.A. § 8-6-1001(7) (Cum. Supp. 1991).
Additionally, the act, immediately after the reference to "solid waste disposal facilities," sets out the requirements for tire disposal in landfills. A.C.A. § 8-9-403(c)(2). This proximity, in my opinion, leads to the conclusion that the term refers to landfills. Thus, to the extent the storage pit is not such a licensed facility, it is not authorized by the act.
Additionally, the act authorizes disposal in landfills only under certain circumstances. The act states that after July 1, 1992 "[t]ires shall not be deposited in a landfill as a method of ultimate disposal unless shredded or split into sufficiently small parts to assure their proper disposal." A.C.A. §8-9-403(c)(3)(A). It is also stated that "tires shall not be disposed of in a landfill containing any other kind of waste unless the tires are disposed of in a separate area of the landfill and the area has been prepared in such a manner that the tires can be removed at a later date." A.C.A. § 8-9-403(c)(3)(B). Moreover, A.C.A. § 8-9-403(d)(5) authorizes the Commission to adopt rules governing the final disposal of waste tires at "solid waste disposal facilities" only after they have been cut into small parts.
In light of these statutes, it is my opinion that the use of a "storage pit," unless it by some circumstance meets the criteria set out above, is not authorized by law. Any regulations promulgated by the Commission to the contrary, specifically, Regulation 17 (4) permitting underwater waste tire disposal without processing of the tires, are unauthorized and contrary to both the language and intent of Act 749 of 1991.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] By statute, these regulations are to be promulgated by January 2, 1992. See A.C.A. § 8-9-403(d). Apparently, these regulations are not effective, as they have not yet been filed with the Secretary of State. A.C.A. § 25-15-204(d)(1). Although published reports have indicated that the Governor has refused to approve the regulations, it should be noted that the Governor's approval is in no sense required by law prior to the effectiveness of the regulations. All that is required is that the rules be adopted by the Commission, with a copy provided tothe Governor, and that the rules be filed with the Secretary of State and Circuit Clerk of each county. See A.C.A. §25-15-204(d)(1), and Regulation 8 of the PCE Rules on Administrative Procedures. The Governor thus has no constitutional or statutory authority over the promulgation of these rules. See also generally, State Highway Commissionof Colorado v. Haase, 189 Colo. 69, 537 P.2d 300 (1975); andOpinion of the Justices, 364 Mass. 838, 302 N.W.2d 565 (1973).
[2] Your question inquires as to whether PCE can contract for statewide "disposal" of waste tires. The Act speaks not in terms of "disposal" of waste tires, but only of "processing" and "removal." "Disposal" or "disposal facility" is not defined by the act. The phrases "waste tire collection center" (where less than 1,000 tires are accumulated); "waste tire processing facility" (where tires are cut, chipped, ground or otherwise altered); and "waste tire site" (where 1,000 or more tires are accumulated) are defined by the statutes. The act provides that after July 1, 1992, no person may operate a "waste tire site" unless it is an integral part of a "waste tire processing facility." Additionally, after this date, it is unlawful for any person to dispose of waste tires other than for processing, or to collect waste tires other than for processing, at a processing facility, waste tire site, collection center, or a permitted solid waste disposal facility. To the extent that your question regards the "disposal" of tires, it is my opinion that even the regional boards may not act jointly to license a private company to "dispose" of waste tires statewide unless they are processed first. The act, despite the "disposal" language of A.C.A. §8-9-406, requires, after July 1, 1992, that such tires be "processed." See also discussion in response to question 3,infra. Any contrary authorization by the rules of the Commission would appear to be beyond the acts' grant of authority in this regard. See A.C.A. § 8-9-403(d)(5), and Kettell v.Johnson and Johnson, 337 F. Supp. 892 (E.D. Ark. 1972).